Grant Morris, Va. Bar No. 16290
SANFORD HEISLER SHARP, LLP
700 Pennsylvania Avenue SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5200
Facsimile: (202) 499-5199

Michael D. Palmer*
Melinda Koster*
SANFORD HEISLER SHARP, LLP
1350 Avenue of the Americas, 31st Fl.
New York, NY 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
* *pro hac vice* admission forthcoming

*Attorneys for Plaintiff Paul Love and proposed Class Members*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **PAUL LOVE, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**VIRGINIA LAND IMPROVEMENT CORPORATION and CROSSING PLACE TRANSPORT INC.,**<br><br>**Defendants.** | **CLASS ACTION COMPLAINT** |

Plaintiff Paul Love ("Mr. Love" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, Sanford Heisler Sharp, LLP, alleges as follows:

1

**I.     NATURE OF THIS COLLECTIVE AND CLASS ACTION**

1.     Mr. Love brings this collective and class action on behalf of himself and similarly situated dump truck drivers who worked for Defendants. As a matter of standard corporate policy, Defendants willfully and uniformly failed to compensate Mr. Love and similarly situated employees for numerous hours worked during weeks in which they worked over forty hours for Defendants. Plaintiff brings this suit to redress Defendants' unlawful pay practices, which violate both the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Virginia state common law.

2.     Defendants regularly failed to pay Plaintiff and similarly situated drivers for both straight time and overtime during weeks in which the drivers worked over forty hours. Unpaid hours included time spent working at Defendants' base and driving company-owned trucks to, from, and between construction sites and the base. Under common rules, policies, and practices, Defendants knowingly and willfully disregarded a substantial portion of drivers' work time for purposes of compensation.

3.     On behalf of himself and all others similarly situated, Plaintiff seeks all relief to which he and other similarly situated drivers are entitled.

4.     The parties entered into a tolling agreement that suspended the statute of limitations for the claims alleged herein as of November 5, 2015.

5.     Plaintiff and Defendants have reached an agreement to settle the claims asserted herein on behalf of the proposed collective action and class defined in Sections IV and V below, subject to the Court's approval. Following the filing of this Complaint, Plaintiff will move for Court approval of the proposed settlement.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under a federal statute, 29 U.S.C. § 216(b). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1357 because these claims are so related to the FLSA claims that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Defendants because, at all times relevant to this action, Defendants have been headquartered and conducted substantial and continuous commercial activities in Virginia. Further, Defendants are incorporated in Virginia.

8. Venue lies in the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1391(b)(1) and (2). A substantial part of the events and the omissions giving rise to the class members' claims occurred in this district. Additionally, Defendants are deemed to reside in this district under § 1391(c) because they are subject to personal jurisdiction in the district.

## III. THE PARTIES

9. Plaintiff Paul Love is a resident of the Commonwealth of Virginia and was employed as a dump truck driver by Defendants from approximately August 29, 2012 to October 7, 2013.

10. Defendants Virginia Land Improvement Corporation ("VLIC") and Crossing Place Transport, Inc. ("Crossing Place") are Virginia companies that transport soil, rock, and other materials from construction sites primarily in and around the Commonwealth of Virginia.

11. Upon information and belief, VLIC and Crossing Place operate out of the same address and share equipment and managers.

12. During the relevant time period, VLIC and/or Crossing Place employed dump truck drivers to transport soil, gravel, and other raw materials to, from, and within Defendants' clients' construction sites in the Virginia region.

13. VLIC is registered with the Virginia Secretary of State as having its principal office at 6933 Colchester Park Drive, Manassas, Virginia.

14. Crossing Place is registered with the Virginia Secretary of State as having its principal office at 15085 McBryant Road, Ruther Glen, Virginia.

15. Upon information and belief, Defendants have annual gross sales in excess of $500,000.

16. At all relevant times, Defendants were legally responsible for all of the unlawful conduct, policies, practices, acts, and omissions as described herein as employers of Plaintiff and the other Class Members. (As used herein, the term "Class Members" refers to the members of the proposed FLSA collective action, brought pursuant to 29 U.S.C. § 216(b), and to the members of the proposed Virginia state common law class, brought pursuant to Fed. R. Civ. P. 23.)

17. Class Members were employed by Defendants.

18. Upon information and belief, Defendants hired, fired, and supervised the Class Members.

19. Upon information and belief, Defendants controlled the terms of employment of the Class Members, including the compensation they were paid and the hours they worked.

20. At all relevant times, the unlawful conduct against the Class Members, as described herein, was motivated, in whole or in part, to serve Defendants.

21. At all relevant times, upon information and belief, the unlawful conduct against the Class Members, as described herein, was reasonably foreseeable by Defendants, and committed

under actual or apparent authority granted by Defendants, such that all of the aforementioned unlawful conduct is legally attributed to Defendants.

22. The overtime wage provisions set forth in § 207 of the FLSA applies to Defendants.

## IV. FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings an FLSA claim for unpaid overtime (First Claim for Relief) on behalf of himself and other similarly situated individual who worked for Defendants.

24. Specifically, Plaintiff brings an FLSA claim on behalf of Class Members, defined as:

> All persons employed by Defendants as non-exempt dump truck drivers at any time between January 29, 2013 and July 31, 2015, during which they worked at least one workweek in which they (i) worked at least four days, (ii) drove a truck of Defendants that was not registered to operate outside of Virginia for each of the workdays, and (iii) had not driven a truck of Defendants that was registered to operate outside of Virginia during the prior four months.

25. As reflected in the attached Consent to Sue Form, Plaintiff consents to be a plaintiff in this lawsuit against Defendants to recover unpaid overtime pay and remedy the alleged violations of the FLSA.

26. The FLSA claims are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA (29 U.S.C. § 216(b)).

27. At all relevant times, Plaintiff and the other Class Members have had substantially similar job requirements and pay provisions and have been subject to Defendants' common rules, policies, and practices to willfully fail and refuse to pay them for all overtime hours worked. Plaintiff's claims, as stated herein, are essentially the same as those of the other Class Members.

28. Plaintiff and the other Class Members are employees within the meaning of the FLSA, are covered by the FLSA's overtime protections, and do not fall within any exception or exemption to the overtime requirements of the Act.

29. During all relevant time periods, Defendants classified Class Members as non-exempt under the FLSA.

30. At all relevant times, Defendants, through their management and executives, willfully and systematically refused to compensate the drivers for much of their work time, including many hours of overtime. These actions were undertaken, in whole or in part, by a purpose to serve Defendants at the expense of the Class Members.

31. Defendants knew or should have known that their actions constituted a violation of the FLSA.

32. Because Defendants willfully violated the FLSA by requiring Plaintiff and the other Class Members to work overtime without compensation, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

33. The Class Members are readily ascertainable. For purpose of notice and other purposes related to this action, their names and contact information are readily available from Defendants.

## V. CLASS ACTION ALLEGATIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 23

34. Plaintiff Paul Love brings Virginia state law claims for unpaid hours worked during workweeks exceeding forty hours (Second and Third Claims for Relief) as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35. Specifically, Plaintiff brings Virginia state common law claims for quantum meruit and unjust enrichment on behalf of Class Members, defined as:

> All persons employed by Defendants as non-exempt dump truck drivers at any time between January 29, 2013 and July 31, 2015, during which they worked at least one workweek in which they (i) worked at least four days, (ii) drove a truck of Defendants that was not registered to operate outside of Virginia for each of the workdays, and (iii) had not driven a truck of

        Defendants that was registered to operate outside of Virginia during the prior four months.

36. The members of the Class are readily ascertainable. Defendants' records show the number and identity of the Class Members. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

37. The Class is sufficiently numerous that joinder of all members is impractical, satisfying Federal Rule of Civil Procedure 23(a)(1). Upon information and belief, there are more than sixty Class Members.

38. All members of the Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). As set forth herein, Plaintiff's and the other Class Members' claims turn on a single corporate policy and practice which required them to perform work without compensation. All members of the Rule 23 Class share essential common questions, including without limitation: (1) whether Defendants failed to compensate Plaintiff and other drivers for work performed; (2) whether Defendants benefited as a result of uncompensated work being performed by Class Members; (3) whether Defendants were aware of these benefits received; and (4) whether it would be inequitable for Defendants to retain the benefits of the Class Members' work without paying them compensation.

39. Plaintiff's claims are typical of the claims of the Class, thus satisfying Federal Rule of Civil Procedure 23(a)(3). Defendants' failure to compensate Plaintiff was not the result of any Plaintiff-specific circumstances. Rather, it arose from Defendants' common compensation and policies, which Defendants uniformly applied to all Class Members.

40. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, thus satisfying Federal Rule of Civil Procedure 23(a)(4). Further, Plaintiff has retained

competent counsel experienced in employment class actions including numerous similar cases involving the failure to properly compensate employees for their work.

41. By uniformly refusing to compensate all non-exempt drivers for a common set of job activities, Defendants have created a scenario where questions of law and fact common to Rule 23 Class Members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Mr. Love is entitled to pursue his claims as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3).

## VI.   FACTUAL ALLEGATIONS

42. As dump truck drivers and employees of Defendants, Mr. Love and other similarly situated individuals transported soil, gravel, and other raw materials to, from, and within Defendants' clients' construction sites in the Virginia region.

43. Defendants' dump truck drivers were generally paid on an hourly basis; however, they were not paid for numerous hours worked during weeks in which they worked over forty hours for Defendants.

44. Defendants required Plaintiff and other drivers to arrive at Defendants' base by a prescribed time. Defendants disciplined drivers who arrived after the prescribed time, including by not dispatching them until all other drivers were dispatched.

45. After arriving at Defendants' base, Plaintiff and other dump truck drivers were required to inspect their trucks for mechanical issues and record their findings on a Motor Vehicle Inspection Report. This process typically took thirty to forty-five minutes. If a driver discovered a mechanical issue during the inspection, Defendants required the driver to transport the truck to an onsite mechanic and wait at headquarters until the truck was repaired. Prior to being dispatched,

the dump truck drivers remained under Defendants' tight control and were unable to engage in significant personal activities.

46. Once the drivers completed this process, Defendants dispatched the drivers to client construction sites. Drivers commonly left Defendants' base an hour or longer after they initially arrived.

47. The drives to client sites could take an hour or longer.

48. When drivers arrived at a construction site, they submitted a "Truck Ticket," also known as a "timesheet" or simply a "sheet," to the site foreman – who was an employee of Defendants.

49. The Truck Tickets were comprised of pink, yellow, and white carbon-copy sheets. The foremen retained the pink copies; drivers retained the yellow copies; and the drivers submitted the white copy to Defendants when they returned to headquarters.

50. After the dump truck drivers left the client site, Defendants required them to return their assigned dump trucks to headquarters. Once the drivers arrived at headquarters, Defendants required each driver to conduct a second inspection of the dump trucks for mechanical issues and to remain at headquarters while an onsite mechanic addressed any such issues.

51. The Truck Ticket (or timesheet) was used by Defendants as a record of the hours worked by drivers. On each driver's sheet, Defendants' foreman recorded a "Start Time" and a "Stop Time," and Defendants paid the drivers based upon the difference between the two times.

52. However, the "Start Time" and "Stop Time" did not include all hours worked by drivers. Indeed, drivers were not paid for much of their driving time as well as work at Defendants' base.

53. On a typical workday, Plaintiff was not paid for one or more hours of work performed.

54. Based on information and belief, the other Class Members were likewise denied compensation for all hours worked.

55. Plaintiff and the other Class Members regularly worked in excess of 40 hours per week.

56. Plaintiff and the other Class Members were not properly paid one-and-one half times their regular rate for all overtime hours worked.

57. Indeed, Plaintiff and the other Class Members often received no compensation for overtime hours worked.

58. For example, during the week of February 24, 2013 to March 2, 2013, Plaintiff worked five days and was paid for working a total of 41.5 hours (40 hours at $18/hour; 1.5 overtime hours at $27/hour). However, he actually worked approximately 50 (or more) hours that week.

59. Also, Class Members often worked in excess of 40 hours but were paid for less than 40 hours of work. For those weeks, Class Members were denied both earned straight time and overtime.

60. For example, during the week of June 17, 2013 to June 23, 2013, Plaintiff worked five days and was paid for working a total of 38.5 hours. However, he actually worked over 45 hours that week.

61. Other Class Members employed by Defendants were subject to the same policies and practices, worked similar hours, and were similarly denied proper compensation for their hours worked as the Plaintiff.

62. Defendants steadfastly refused to pay drivers for all hours worked even after Plaintiff and other Class Members complained to Defendants' management about not getting properly compensated.

63. In approximately July 2013, Dispatcher Donnie Cooper informed Defendants' drivers that he had learned that some drivers were filling out their Truck Tickets themselves and reporting their actual start and end times. Dispatcher Cooper advised the drivers that this was against company policy and that only foremen could fill out the Truck Tickets.

64. When numerous drivers protested that they were being undercompensated under Defendants' system, Owner Gerald Cooper told the drivers that they were all "replaceable," and that if they did not like it, they should quit working for Defendants. Specifically, he gestured toward the exit and said, "there's the door."

65. Further, Defendants punished and suspended drivers who attempted to submit Truck Tickets reporting their total hours worked. In or around September 2013, Defendants terminated one driver who insisted on writing in his actual start and end times.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT VIOLATIONS
**(On behalf of Mr. Love and the Class Members)**

66. Plaintiff, on behalf of himself and the other Class Members, repeats and re-alleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

67. At all relevant times, Defendants had a uniform policy and practice of willfully refusing to properly pay Plaintiff and the other Class Members for all hours worked, including many overtime hours.

68. As a result of Defendants' willful failure to compensate the Class Members, including Mr. Love, their full overtime wages, Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*

69. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

70. Due to Defendants' FLSA violations, Plaintiff and the other Class Members are entitled to recover their full unpaid overtime wages, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## SECOND CLAIM FOR RELIEF
## QUANTUM MERUIT
**(On behalf of Mr. Love and the Class Members)**

71. Plaintiff, on behalf of himself and the other Class Members, repeats and re-alleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

72. Defendants directly benefited from the work performed by Plaintiff and the other members of the Class, including work that they performed for which they were not compensated. The Class Members performed work for Defendants which was integral and indispensable to Defendants' operations and ability to carry out their contracts with Defendants' clients.

73. Defendants were clearly aware of the benefits they received by requiring Plaintiff and the other Class Members to perform work without pay.

74. Defendants accepted the benefits of the labor performed by Plaintiff and the other Class Members, without providing them remuneration for all work performed during weeks in which they worked over forty hours.

75. Further, Defendants repeatedly and unreasonably refused Plaintiff's and other Class Members' demands to be properly paid for their work.

76. Failure to compensate Mr. Love and the other Class Members for their unpaid work would be manifestly inequitable and result in unjust enrichment to Defendants.

77. Plaintiff and the other Class Members are entitled to recover the quantum meruit value of the unpaid work performed.

78. By reason of the foregoing, Plaintiff and the other Class Members are entitled to recover money damages to be determined at trial.

### THIRD CLAIM FOR RELIEF
### UNJUST ENRICHMENT
**(On behalf of Mr. Love and the Class Members)**

79. Plaintiff, on behalf of himself and the other Class Members, repeats and re-alleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

80. Defendants directly benefited from the work performed by Plaintiff and the other members of the Class, including work that they performed for which they were not compensated. The Class Members performed work for Defendants which was integral and indispensable to Defendants' operations and ability to carry out their contracts with Defendants' clients.

81. Defendants were clearly aware of the benefits they received by requiring Plaintiff and the other Class Members to perform work without pay.

82. Defendants accepted the benefits of the labor performed by Plaintiff and the other Class Members, without providing them remuneration for all work performed during weeks in which they worked over forty hours.

83. Further, Defendants repeatedly and unreasonably refused Plaintiff's and other Class Members' demands to be properly paid for their work.

84. Failure to compensate Mr. Love and the other Class Members for their unpaid work would be manifestly inequitable and result in unjust enrichment to Defendants.

85. By retaining the benefits of Plaintiff's and the other Class Members' labor, without paying them for their work, Defendants have unjustly enriched themselves at the Class Members' expense. Defendants must disgorge the benefits to Plaintiff and other Class Members.

86. By reason of the foregoing, Plaintiff and the other Class Members are entitled to recover money damages to be determined at trial.

## VII. DEMAND FOR TRIAL BY JURY

87. On behalf of himself and the other Class Members, Plaintiff demands a trial by jury on all triable questions of fact raised by the Complaint.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the other Class Members, prays for relief as follows:

A. That the Court grant preliminary and final approval of the settlement reached by the parties;

B. That the Court certify the First Claim for Relief as a collective action under 29 U.S.C. § 216(b), and issue notice of the right to join this action to all Class Members;

C. That the Court certify the Second and Third Claims for Relief as a class action under Federal Rule of Civil Procedure 23;

D. That the Court find that Defendants are liable for the Claims asserted herein;

E. That the Court find that Defendants willfully violated the Fair Labor Standards Act as to Mr. Love and the other Class Members;

F. That the Court find that Defendants have unjustly enriched themselves by failing to properly compensate Plaintiff and the other Class Members for their work performed;

G. That the Court find that Plaintiff and the other Class Members have a valid claim to recover the quantum meruit value of their unpaid work performed;

H. That the Court award damages to Plaintiff and the other Class Members, according to proof, including liquidated damages;

I. That the Court award costs of action incurred, including expert fees;

J. That the Court award attorneys' fees, pursuant to 29 U.S.C. § 216 and any other applicable law;

K. That the Court award pre-judgment and post-judgment interest, as provided by law; and

L. That the Court award such other and further legal and equitable relief as deemed necessary, just, and proper.

Dated: March 4, 2019

Respectfully submitted,

  /s/ Grant Morris
Grant Morris, Va. Bar No. 16290
SANFORD HEISLER SHARP, LLP
700 Pennsylvania Avenue SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5200
Facsimile: (202) 499-5199

Michael D. Palmer*
Melinda Koster*
SANFORD HEISLER SHARP, LLP
1350 Avenue of the Americas, 31st Fl.
New York, NY 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
* *pro hac vice* admission forthcoming

*Attorneys for Plaintiff Paul Love and proposed Class Members*

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I, Paul Love, consent to be a plaintiff in a lawsuit brought against Defendants Virginia Land Improvement Corporation and Crossing Place Transport Inc., seeking the recovery of unpaid overtime, pursuant to the Fair Labor Standards Act.

_____
Signature

_____12-3-2018_____
Date